McFADDEN et al. v. LIVERPOOL & LONDON & GLOBE INS. CO.

(Circuit Court, E. D. Pennsylvania.    July 22, 1908.)

No. 14.

INSURANCE—ACTION—VALUE OF PROPERTY—EVIDENCE.

In an action on a policy insuring certain cotton, evidence *held* to justify a finding that the loss occurred after 8:55 a. m. on June 8, 1905, and that the actual cash value of the cotton lost or damaged was 8.55 cents per pound at the time the loss or damage occurred.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 1722.]

John G. Johnson, for plaintiff.
Frederick B. Campbell and Fraley & Paul, for defendant.

J. B. McPHERSON, District Judge.    This is an action brought to recover upon a policy of fire insurance issued by the defendant upon certain cotton stored in the city of New York.    It was first tried in November, 1907, before a jury, but the verdict was afterwards set aside.    At that trial the parties entered into the following stipulation concerning nearly all the facts:

"And now this 12th day of November, 1907, it is agreed that no evidence need be offered by either of the parties to this cause in support of the facts hereinafter set forth, but that either of the parties hereto may read this stipulation or any part thereof as conclusive evidence of any of said facts at any trial of this cause.    But nothing herein contained shall in any wise preclude either party from offering evidence as to and upon the several factors or elements that should be considered in determining the actual cash value of the property described in the hereinafter specified policy of insurance.    The facts thus agreed upon are as follows:

"On the 13th day of January, 1902, the defendant issued to plaintiffs its policy No. 6208895, by which it undertook to insure plaintiffs 'for a term of —— from the eighth day of January, 1902, at noon to the —— day of —— 19—— at noon, against all direct loss or damage by fire, except as hereinafter provided, to an amount not exceeding —— dollars upon the following described property and contained as described herein and not elsewhere, to wit:    On merchandise as specified the property of the assured named herein or held by said assured in trust or on commission, or sold and not delivered, in such place or places for such amounts and for such time and at such premium as shall be indorsed in writing on a memorandum book attached hereto and approved by this company.'

"By said policy it was provided that 'this company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value with proper deduction for depreciation however caused, and shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality.'

"By writing indorsed upon said policy it was further provided as follows:

" 'This company shall not be liable for a greater proportion of any loss or damage to the property described herein than the sum hereby insured bears to eighty per centum (80%) of the actual cash value of said property at the time such loss shall happen.    *    *    *    If the insurance under this policy be divided into two or more items these clauses shall apply to each item separately.'

"A copy of said policy is hereto attached marked 'Exhibit A,' and made a part hereof.

"The memorandum book therein referred to was filled, and all the insurance thereby granted has expired before the happening of the fire hereinafter referred to.    No copy of said memorandum book is therefore attached

hereto. After said memorandum book had been so filled, defendant granted further insurance to plaintiffs under said policy upon separate slip certificates, all of which were in the form of which a copy is hereto. annexed, marked 'Exhibit B' and made a part hereof, differing therefrom in the property insured, in the term of the insurance, and in the premium therefor.

"All of the insurance thus granted by the defendant to the plaintiffs was upon cotton in bales owned or held by the plaintiffs under the terms of said policy. A large part of such insurance was, as hereinafter set forth, upon such cotton stored at Brooklyn, N. Y., in stores known as Red Hook Stores 339, 344, and 345.

"On the 8th day of June, 1905, plaintiffs had insurance in force on cotton stored in Red Hook Store No. 344, Brooklyn, N. Y., under said policy and certificates, aggregating the sum of $102,227, and insurance on said cotton there stored. issued by other insurance companies, aggregating $25,155, making a total of $127,382.

"On said date plaintiffs also had insurance in force on cotton stored in Red Hook Store No. 345, Brooklyn, N. Y., under said policy and certificates, aggregating the sum of $162,942, and insurance thereon issued by another company in the sum of $507, making a total of $163,449.

"On said date plaintiffs also had insurance in force on cotton stored at Red Hook Store No. 339, Brooklyn, N. Y., under said policy and certificates, aggregating the sum of $27,363.

"Whether the cash value of said cotton on said date was the amount claimed by the plaintiffs or that claimed by the defendant the insurance thereon was in either case in excess of eighty per centum (80%) of the value thereof; and defendant under said policy was liable pro rata with the other insurance companies on said cotton to reimburse the plaintiffs the full amount of their loss from any fire which might occur in said cotton not exceeding the amount covered by its policy and certificates.

"On the 8th day of June, 1905, at 8:55 a. m. a fire occurred in said cotton, whereby the same was damaged in a large amount. The amount of damage not being known, the defendant and the other insurance companies concerned in said loss, with plaintiffs' consent, took possession of all of said cotton and sold the same for the benefit of all the parties concerned, including the plaintiffs.

"The defendant has paid the plaintiffs on account of the loss and of the proceeds of the sale of said cotton the following amounts:

| | |
|---|---|
| As to cotton stored in Red Hook Store No. 344 sums aggregating.. | $102,581.47 |
| As to cotton stored in Red Hook Store No. 345 sums aggregating.... | 46,828.29 |
| As to cotton stored in Red Hook Store No. 339 sums aggregating.... | 5,611.16 |
| Making a total of...................................... | $155,020.92 |

Deducting the amount realized by defendant from the sale of said cotton, the amounts so paid by defendant are much less than the total amount of defendant's insurance upon said cotton. It was therefore the duty of defendant to reimburse plaintiffs for its proportion of the entire value of all the insured cotton damaged by fire as aforesaid.

"The cash value of cotton in New York is determined by the prices realized on sales between merchants, which is known as 'spot cotton.' Such sales are sometimes made on the floor of the Exchange, but usually are not so made; 'spot cotton' being sold usually between members. Sales of cotton for future delivery, commonly known as 'cotton futures,' are made on the exchange, and constitute the largest portion of the daily sales on the exchange. Said exchange is open daily at 10 a. m. and closes at 3 p. m., except on Saturday when it closes at 12 o'clock noon.

"The by-laws of the New York Cotton Exchange provide that:

" 'The board of managers shall appoint a committee on spot quotations composed of seven members of the exchange, more or less actively engaged in the spot cotton business, two of whom shall retire at the end of each month. It shall be the duty of this committee to meet at the exchange on each business day at 2 p. m., except Saturdays, when it shall meet at 11:30 a. m. to confer upon, and, by vote of the majority of the members present, establish the mar-

ket quotation for the time being of middling upland cotton. The relative differences in valuation between the grades shall be those determined by the committee on revision of quotations of spot cotton.'

"The actual sales of 'spot cotton' quoted by the New York Cotton Exchange for the period beginning June 1st and ending June 14th, 1905, and the market quotations therefore as established by the committee on spot quotations are as follows:

| Date. | Number of Bales. | Price Per Pound. |
|---|---|---|
| June 1st | 2642 | 8.75 |
| 2d | 1550 | 8.50 |
| 3d | —— | 8.50 |
| 5th | 500 | 8.40 |
| 6th | 133 | 8.40 |
| 7th | 4253 | 8.40 |
| 8th | —— | 8.55 |
| 9th | 100 | 8.70 |
| 10th | 25 | 8.70 |
| 12th | —— | 8.70 |
| 13th | 215 | 8.90 |
| 14th | —— | 8.95 |

"The value of 'spot cotton' as fixed by 'spot committee' of the New York Exchange at 2 p. m. on June 7, 1905, was 8.40 cents per pound. The value of such cotton as fixed by said committee at 2 p. m. on June 3, 1905, was 8.55 cents per pound.

"The price of 'cotton futures' is fixed on the New York Cotton Exchange by a series of three calls, made, respectively, at the opening of the market at 10 o'clock a. m., at 11:45 a. m., and at 2 p. m. The quotations of the active 'cotton futures' for the period beginning June 5th, when spot cotton reached 8.40, until June 8th, the day of the fire, are as follows:

| Dates. | Active Futures. | Closing Price. |
|---|---|---|
| June 5th | July | 7.92 |
| | August | 7.94 |
| | September | 7.99 |
| | October | 8.05 |
| June 6th | July | 7.90 |
| | August | 7.92 |
| | September | 7.99 |
| | October | 8.04 |
| June 7th | July | 7.92 |
| | August | 7.95 |
| | September | 8.02 |
| | October | 8.07 |

| | | First call, 10 a. m. | Second call, 11:45 a. m. | Third call, 2 p. m. | Closing. |
|---|---|---|---|---|---|
| June 8th | July | 7.92 | 8. | 8.09 | 8.07 |
| | August | 7.95 | 8.02 | 8.11 | 8.10 |
| | September | 8. | 8.08 | —— | 8.14 |
| | October | 8.07 | 8.14 | 8.23 | 8.21 |

"Due proofs of the occurrence of said fire and of the loss suffered by the plaintiffs thereunder were duly furnished to the defendant on or about June 10, 1905.

"It is further agreed that the question at issue to be determined by the jury under the instructions of the court upon the foregoing facts and upon such other evidence as may be offered on behalf of either of the parties hereto is whether the actual value of the cotton injured or destroyed by fire as aforesaid is to be taken as 8.40 cents per pound or 8.55 cents per pound or some other value per pound.

"If the jury shall find that the actual value of said cotton was 8.40 cents per pound, then a verdict shall be entered for the defendant in the sum of $1.11.

"If the jury shall find that the actual value of said cotton was 8.55 cents

162 F.—50

per pound, then a verdict shall be entered for the plaintiffs in the sum of $2,851.81, with interest from September 8, 1905.

"If the jury shall find the actual value of said cotton was some value per pound other than 8.40 cents or 8.55 cents, then the amount of the verdict shall be subsequently calculated and adjusted by counsel accordingly with interest from September 8, 1905."

In addition to this stipulation, the testimony of several witnesses was then heard, bearing upon the duration of the fire and the actual cash value of the cotton at the time when its injury or destruction took place.

After the verdict was set aside a second trial was had in May, 1908, before the court without a jury, and for the purposes of this trial a second and additional stipulation was entered into as follows:

"And now, this 1st day of May, 1908, it is stipulated and agreed by and between the parties plaintiff and defendant in the above entitled cause that the same shall be heard and decided by the court without a jury in accordance with the statute in such case made and provided.

"And it is further stipulated and agreed that said cause shall be heard before the court upon the stipulation as to facts heretofore agreed upon in this cause and upon the evidence offered at the trial of this cause had on the 16th day of November, 1907; and that the defendant withdraws exceptions to the evidence then offered, saving its exception to the admissibility of such evidence on the ground that the value of the property covered by the policies of insurance in force in this cause is to be determined as of the moment when the fire first broke out, and not as of any later time."

From these stipulations it will be observed that the court is simply asked to find a particular fact, namely, what was the actual value of the property insured at the time when the loss happened. In accordance with this request, therefore, I find from all the evidence that the loss happened at a later time than 8:55 a. m. on June 8th—the fire began at that hour, but the damage to the insured property was done afterwards—and that the actual cash value of the cotton lost or damaged was 8.55 cents per pound at the time when the loss or damage occurred.

In accordance with the foregoing stipulations, the clerk is directed to enter a finding in favor of the plaintiffs for $2,851.81, with interest from September 8, 1905, upon which a judgment may be entered in due course.